UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONGATE INVESTORS, LLC, | No. 2:17-cv-2583-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| LAUREN KING, and DOES 1 through 10 inclusive, | |
| Defendants. | |

On December 11, 2017, *pro se* defendant Lauren King removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. King also filed a motion to proceed *in forma pauperis*. ECF No. 3. As explained below, the court REMANDS the case to the Sacramento County Superior Court and DENIES as moot defendant's motion to proceed *in forma pauperis*.

I. LEGAL STANDARD: SUBJECT MATTER JURISDICTION

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

1

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

II. DISCUSSION

Defendant's Notice of Removal asserts the court has federal question jurisdiction under § 1331 because "Defendant's Demurrer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 at 2. The complaint plaintiff filed in state court asserts only a claim for unlawful detainer, which is a matter of state law. *See id.* at 5.

As explained above, defendant's answer or counterclaim cannot serve as the basis for federal question jurisdiction. *Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy*

*Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show it is based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction. Plaintiff's complaint seeks possession of the premises, costs and reasonable attorney's fees, past-due rent of $1,450.00, forfeiture of the agreement, and damages of $47.33 per day for each day from November 1, 2017 until the date of judgment. ECF No. 1 at 8. Because these damages are not likely to total more than $75,000, and defendant has provided no other evidence or allegations as to the amount in controversy, the court cannot exercise diversity jurisdiction over the action.

III. CONCLUSION

The court has found no proper basis to exercise subject matter jurisdiction over this case. The case is therefore REMANDED to the Sacramento County Superior Court. *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). Defendant's motion to proceed *in forma pauperis*, ECF No. 3, is DENIED as moot.

IT IS SO ORDERED.

DATED: December 18, 2017.

_____
UNITED STATES DISTRICT JUDGE